Dear Dr. Tedesco:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question it as follows:
 Would the cremation of paupers, at the direction of a coroner, satisfy the requirements of LSA-R.S. 13:1565, relating to the burial of paupers?
Your concern for this situation is certainly understandable, in that you are required by statute to provide for the "burial of paupers", while at the same time cemetery space available to your office for pauper burials has now been depleted. However, we are unaware of any law or jurisprudence which is persuasive to answer your question either in the affirmative or in the negative. It appears to be a question of first impression.
It might be argued that cremation and burial are not necessarily separate and distinct alternatives, and that one may be cremated and still be buried within the strict meaning of the term. LSA-R.S. 8:1(2) defines "burial" as a placement of human remains in a grave. Sub-Section (15) of the same statute defines "cremation" as the reduction of the body of a deceased person to cremated remains in a crematory. Thus, it may be argued that one's cremated remains still constitute "human remains" and may then be buried as such.
We are also mindful of the question of burial costs. If cremation is a less expensive means of disposing of the bodies of paupers, it certainly might be in the public interest to cremate the bodies of paupers. The foregoing not withstanding, your question raises a serious question of public policy. There are many people who have serious religious and moral objections to cremation. Accordingly, since there does not appear to be any law or jurisprudence directly on point and since the question presented raises a serious question of public policy, we feel that this matter should be resolved legislatively, rather than by an opinion of this office. We therefore, respectfully decline to express an opinion regarding the question you have asked. However, since the problems which lead you to raise this question are probably being faced by other coroners around the State, this might be an issue for the Coroners Association to seek to have the legislature address, at its next regular session. We are not aware of any restrictions which would prohibit the legislature from enacting the relief you seek.
I apologize for the delay in getting this response to you and hope that we can be of service to you in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2486s